1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

8
9
10

MARTIN S. A.,

11
            Plaintiff,

12
      v.

13
COMMISSIONER OF SOCIAL
SECURITY,

14
            Defendant.

15

CASE NO. 2:23-CV-1036-DWC

ORDER REVERSING AND
REMANDING DEFENDANT'S
DECISION TO DENY BENEFITS

16
17
18
19
20
21

      Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of his application for supplemental security income benefits ("SSI").[1] After considering the record, the Court concludes the Administrative Law Judge (ALJ) erred in finding Plaintiff not disabled and that this matter must be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

22
23
24

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 2.

1    **I.      Factual and Procedural History**

2        Plaintiff filed his application for SSI on February 26, 2018. Administrative Record (AR)

3    16, 423–28.[2] His amended date of alleged disability onset is February 26, 2018. AR 16. After his

4    application was denied initially and on reconsideration (AR 164, 195), the ALJ held a hearing in

5    October 2019 (AR 41–79). The ALJ issued a decision in November 2019 (AR 230–52) which

6    was subsequently vacated by the Appeals Council (AR 253–59). The ALJ held a new hearing on

7    December 7, 2021, where Plaintiff was represented and testified telephonically. AR 80–111. The

8    ALJ issued a decision on April 13, 2022, finding Plaintiff was disabled beginning on September

9    1, 2020, but was not disabled prior to that date. *See* AR 13–41. The Appeals Council denied

10   Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner.

11   AR 1–7. Plaintiff filed a Complaint in this Court challenging the unfavorable portion of the

12   ALJ's decision on July 14, 2023. Dkt. 5.

13   **II.     Standard of Review**

14       When reviewing the Commissioner's final decision under 42 U.S.C. § 405(g), this Court

15   may set aside the denial of social security benefits if and only if the ALJ's findings are based on

16   legal error or are not supported by substantial evidence in the record. *Bayliss v. Barnhart*, 427

17   F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

18   **III.    Discussion**

19

20

21

22

23   [2] Plaintiff also applied for disability insurance benefits (*see* AR 413–21) but subsequently amended his alleged onset

24   date to a date after his date last insured, resulting in the dismissal of his DIB application (AR 16) which he does not challenge (*see generally* Dkt. 12).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 2

**A.  Medical Opinion Evidence**

Plaintiff argues the ALJ erred by improperly assessing the medical opinions of James

Symonds, MD; JD Fitterer, MD; Scott Sato, PA-C; David Mashburn, PhD; and David Widlan,

PhD.[3] *See* Dkt. 12 at 5–16.

For claims, like Plaintiff's, filed on or after March 27, 2017, the Commissioner "will not

defer or give any specific evidentiary weight . . . to any medical opinion(s) . . . including those

from [the claimant's] medical sources." 20 C.F.R. § 416.920c(a). The ALJ must nonetheless

explain with specificity how he or she considered the factors of supportability and consistency in

evaluating the medical opinions. 20 C.F.R. § 416.920c(a)–(b). "An ALJ cannot reject an

examining or treating doctor's opinion as unsupported or inconsistent without providing an

explanation supported by substantial evidence." *Woods v. Kijakazi*, 32 F.4th 785, 792 (9th Cir.

2022).

   1.  <u>Dr. Widlan</u>

Consulting examiner Dr. Widlan submitted an opinion in July 2018 based on his

examination of Plaintiff. AR 708–12. Dr. Widlan opined Plaintiff had marked limitations in his

abilities to perform activities within a schedule, maintain regular attendance, and be punctual

within customary tolerances; learn new tasks; adapt to changes in a routine work setting; and

maintain appropriate behavior in the work setting. AR 710. He opined Plaintiff was severely

limited in his abilities to communicate and perform effectively in a work setting and complete a

---

[3] In addition to the medical opinions discussed in this section, PA Sato and Dr. Widlan completed opinions in August 2016 and May 2014, respectively, which the ALJ found irrelevant because they were discounted in a prior final determination on Plaintiff's claim. AR 25. Plaintiff does not challenge the ALJ's assessment with respect to either of those specific opinions. *See generally* Dkt. 12.

1  normal work day and work week without interruptions from psychologically-based symptoms.

2  *Id.*

3        The ALJ found Dr. Widlan's opinion unpersuasive for several reasons. First, the ALJ

4  found the opinion was "inconsistent with evidence that [Plaintiff's] mental symptoms have been

5  responsive to treatment." AR 27. Symptoms that can be controlled "are not disabling." *See*

6  *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006); *see also Wellington v. Berryhill*, 878

7  F.3d, 867, 876 (9th Cir. 2017). But "some improvement" in a person's symptoms "does not mean

8  that the person's impairments no longer seriously affect her ability to function in a workplace."

9  *See Holohan v. Massanari*, 246 F.3d 1195, 1205 (9th Cir. 2001).

10       Here, to the extent the ALJ found Plaintiff's symptoms were fully controlled by

11  treatment, such a finding was not supported by substantial evidence. The ALJ pointed to

12  evidence that Plaintiff indicated he had "more good days" since starting a medication, but the

13  same treatment note indicated he still had depressive disorder symptoms "about half the week."

14  AR 786. The ALJ also pointed to evidence Plaintiff indicated his medications were "helpful"

15  (AR 788, 803). At best, this evidence shows that the medications provided some relief but does

16  not necessarily show Plaintiff's impairments were no longer limiting. *See Garrison v. Colvin*,

17  759 F.3d 995, 1018 n.23 (9th Cir. 2014) ("There can be a great distance between a patient who

18  responds to treatment and one who is able to enter the workforce . . . .") (quoting *Scott v. Astrue*,

19  647 F.3d 734, 739–40 (7th Cir. 2011)); *see also Martinez v. Comm'r of Soc. Sec.*, 2021 WL

20  2915018 at *6 (E.D. Cal. July 12, 2021) ("'[F]airly stable' and 'doing well' are relative terms.")

21  (citation omitted).

22       Second, the ALJ discounted Dr. Widlan's opinion because Plaintiff's "counseling has

23  focused more on dealing with various situational stressors than on his mental conditions." AR

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 4

1    27. The ALJ erred by failing to explain why this trend was inconsistent with Dr. Widlan's

2    opinion. *See Brown-Hunter v. Colvin*, 804 F.3d 487, 492 (9th Cir. 2015) (An ALJ must "set forth

3    the reasoning behind [his] decision[] in a way that allows for meaningful review."). Even if

4    many of Plaintiff's counseling sessions dealt with situational stressors, this does not necessarily

5    mean Dr. Widlan's identification of limitations stemming from Plaintiff's mental impairments

6    would be any less valid, as the ALJ did not show that Dr. Widlan's opinion was based on

7    Plaintiff's response to situational stressors. And even if Plaintiff's impairments were worsened

8    by situational stressors, this would not rule out the possibility that the baseline state of his

9    impairments was limiting.

10        Third, the ALJ discounted Dr. Widlan's opinion because it was inconsistent with

11   Plaintiff's "unremarkable mental presentation during appointments, which frequently consisted

12   of appropriate mood/affect, calm/cooperative/pleasant behavior, normal psychomotor

13   movements, normal speech, full orientation, and logical thought process." AR 27. However, Dr.

14   Widlan's opined limitations appear to have been based, in part, on his findings that Plaintiff's

15   concentration and memory were abnormal. *See* AR 711–12. The ALJ failed to identify any

16   evidence contradicting these findings.

17        Finally, the ALJ discounted the opinion because it "relied heavily on the claimant's

18   subjective symptoms, such as his self-assessment of severe depression and anxiety on the Beck

19   Depression and Beck Anxiety Inventories." AR 27. However, because "psychiatric evaluations

20   may appear subjective" and "diagnoses will always depend in part on the patient's self-report,"

21   "the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same

22   manner to opinions regarding mental illness." *Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir.

23   2017). Mental status examinations and Beck Depression and Beck Anxiety Inventories are

24

1    objective metrics in the context of assessing mental health symptoms. *See id.* Thus, this was not

2    a valid reason to discount the opinion.

3         In sum, the ALJ failed to provide adequate reasons for dismissing Dr. Widlan's opinion.

4    This error was not harmless, as Dr. Widlan's opinion, if credited, would suggest Plaintiff was

5    further limited than reflected by the RFC. *See Stout v. v. Comm'r, Soc. Sec. Admin.*, 454 F.3d

6    1050, 1054 (9th Cir. 2006)). Thus, the ALJ's decision must be reversed for reconsideration of

7    this opinion.

8         2.  Drs. Symonds and Fitterer and PA Sato

9         State agency consultants Drs. Symonds and Fitterer completed opinions in August 2018

10   and September 2018 respectively. AR 177–93, 671–84. The ALJ found the opinions to be

11   "partially persuasive," but rejected both consultants' opinion that Plaintiff would be limited to

12   standing and walking for no more than two hours each day. *See* AR 26–26.

13        Treating provider PA Sato completed opinions in July 2018 and October 2019. AR 717–

14   30, 807–11. PA Sato opined Plaintiff was limited to performing sedentary work and would have

15   difficulties standing for two hours in a workday. AR 719–20, 806. The ALJ found the opinions

16   unpersuasive. AR 26.

17        The ALJ gave several reasons supporting his determinations with respect to these

18   opinions. *See* AR 25–26. First, the ALJ found that the opinions were inconsistent with Plaintiff's

19   statement that he spent most of the day walking. AR 25, 26 (citing AR 700 ("he walks around all

20   day")). "A conflict between an opinion and a claimant's activity level is" a valid reason to reject

21   that opinion. *Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020). Plaintiff contends that this single

22   treatment note was not itself substantial evidence to support the determination that Plaintiff could

23   stand for longer than two hours over the course of the day. Dkt. 12 at 7. The Court disagrees—

24   the treatment note qualifies as "more than a mere scintilla" of evidence to support the ALJ's

1    determination. *Biestek v. Berryhill*, 139 S. Ct. 1148, 1153 (2019). The only evidence to the

2    contrary Plaintiff identifies is Plaintiff's own testimony at the hearing (*see* Dkt. 12 at 7) but

3    Plaintiff's testimony was discredited based on multiple prior inconsistent statements (*see* AR 22–

4    25), which Plaintiff does not challenge (*see generally* Dkt. 12), and therefore the ALJ did not err

5    in relying on this treatment note to find the opinions were inconsistent with the medical

6    evidence.

7         Second, the ALJ found that the opinions were inconsistent with some of the medical

8    evidence in the record. AR 25–26. This, too, is a valid reason to discount an opinion. *See Woods*,

9    32 F.4th at 792–93. The ALJ said that Drs. Symonds' and Fitterer's opinions were "out of

10   proportion to x-rays showing only mild to moderate degenerative changes, stable, hardware, and

11   no significant bone, joint, or soft tissue abnormality in the bilateral ankles." AR 25 (citing AR

12   676–81). With respect to PA Sato's opinion, the ALJ noted that PA Sato's "referenced remote

13   imagining studies in 2005 and 2015 that predate the period at issue," and that the same evidence

14   he referenced with respect to Drs. Symonds' and Fitterer's opinions was more relevant and

15   inconsistent with their opinions.

16        With respect to this finding, Plaintiff's only challenge is that the ALJ erred by

17   interpreting the medical evidence himself, rather than deferring to the interpretations of the

18   medical evidence proffered by Drs. Symonds and Fitterer and PA Sato. *See* Dkt. 12 at 5–6, 14,

19   16. But there is "a presumption that ALJs are, at some level, capable of independently reviewing

20   and forming conclusions about medical evidence to discharge their statutory duty to determine

21   whether a claimant is disabled and cannot work." *Farlow v. Kijakazi*, 53 F.4th 485, 488 (9th Cir.

22   2022). Indeed, the ALJ, not the medical sources, was responsible for making an RFC finding and

23   did not need to defer to the opinions of medical sources in doing so. *See* 20 C.F.R. §§

24

1    416.920c(a), 404.946(c). The ALJ reasonably found that the medical evidence was inconsistent

2    with the limitations of Drs. Symonds and Fitterer and PA Sato. Having found the ALJ gave

3    multiple valid reasons for discounting these opinions, the Court need not consider the remaining

4    reasons offered, as any error with respect to those reasons would be harmless. *See Molina v.*

5    *Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).

6        3.  Dr. Mashburn

7            Consultative examiner Dr. Mashburn completed an opinion in August 2018. *See* AR 665–

8    70. Based on an examination of Plaintiff, he opined Plaintiff had impairments in "his persistence,

9    pace, and reliability," although he also noted Plaintiff may be able to perform "simple tasks in an

10   environment that allowed him to have a reasonable amount of time to learn." AR 669.

11           The ALJ found the opinion partially persuasive. AR 26–27. The ALJ found the opinion

12   was unsupported because Dr. Mashburn had noted that it was unclear whether his examination

13   results "were an accurate estimate of [Plaintiff's] current mental functioning." *Id.*[4] Indeed, Dr.

14   Mashburn wrote that Plaintiff's difficulties with pace and memory in examination "may be either

15   induced or exacerbated by possible alcohol dependence" and said it was "difficult to know if [the

16   examination was] an accurate estimate of his current memory functioning." AR 669. As such, the

17   ALJ reasonably found that the opinion—as it opined on Plaintiff's functioning during the

18

19

---

20           [4] In making this statement, the ALJ referred to the results of another medical source, Dr. Moore, rather than
     the notes and opinion of Dr. Mashburn. AR 26–27 ("While Dr. Moore's opinion is supported by an interview . . . it
21   was unclear, as noted by Dr. Moore, whether the test results were an accurate estimate of his current mental
     functioning.") (citing AR 869). Plaintiff urges the Court to disregard the parts of the paragraph addressing Dr.
22   Mashburn's opinion which refer to Dr. Moore. Dkt. 12 at 9. However, the Court is "not deprived of [its] faculties for
     drawing specific and legitimate inferences from the ALJ's opinion." *Magallanes v. Bowen*, 881 F.2d 747, 755 (9th
23   Cir. 1989). Here, the Court can reasonably infer statements referring to Dr. Moore were directed to Dr. Mashburn's
     opinion because those statements appeared in the paragraph discussing Dr. Mashburn's opinion and were offered as
24   a rationale for rejecting Dr. Mashburn's opinion, and because the ALJ cited to Dr. Mashburn's opinion in support of
     those statements.

relevant period—was unsupported. The Court finds no error in the ALJ's assessment of Dr. Mashburn's opinion.

**B. Step Five**

Plaintiff also argues the ALJ erred in his step five finding that Plaintiff could perform work which existed in significant numbers in the national economy. Dkt. 12 at 3–4, 16–17.

1. Application of the Grids

Plaintiff argues the ALJ erred by not finding Plaintiff capable of only sedentary work, which would require, under the medical-vocational guidelines, finding Plaintiff disabled as of his fiftieth birthday in 2019. Dkt. 12 at 3–4; *see also* 20 C.F.R. § 416, App. 2, Subp. P, 201.14.

It is not appropriate to apply the medical-vocational guidelines when an ALJ finds a claimant is not capable of the full range of a particular exertional level (such as light or sedentary work). *See* SSR 83-10 ("The table rules do not direct such conclusions when an individual's exertional RFC does not coincide with the exertional criteria of any one of the exertional ranges."). The full range of sedentary work involves work in which an individual lifts and carries no more than ten pounds at a time and does not stand or walk more than two hours each day. *See* 20 C.F.R. § 416.967(a); SSR 83-10. The full range of light work involves lifting no more than twenty pounds at a time and involves standing and walking for six hours each day. *See* 20 C.F.R. § 416.967(b); SSR 83-10.

Plaintiff argues that the ALJ's RFC finding that Plaintiff could lift and carry only ten pounds and alternate sitting and standing for twenty minutes at a time compelled the ALJ to find Plaintiff capable of performing sedentary work and apply the guidelines. Dkt. 12 at 3–4. The ALJ's finding that Plaintiff could lift and carry only ten pounds at a time is consistent with the definition of sedentary work. 20 C.F.R. § 416.967(a). But the ALJ also limited Plaintiff to standing for half of each day (alternating between sitting and standing for twenty minutes at a

1  time). AR 21. This is greater than the exertional requirement of a full range of sedentary work

2  (requiring no more than two hours of standing and walking) but less than the exertional

3  requirement of a full range of light work (requiring six hours of standing and walking). *See* SSR

4  83-10. Thus, the ALJ reasonably found Plaintiff's RFC did not require the application of the

5  medical-vocational guidelines, as the RFC required greater exertion than that of sedentary work.

6      2.  Work Existing in "Significant Numbers"

7        At step five, the ALJ found that, given Plaintiff's RFC, Plaintiff could perform the jobs of

8  production assembler; small products I assembler; electrical equipment parts assembler;

9  photocopy machine operator; and collator, operator. AR 30. The ALJ found, based on the VE's

10  testimony, that there was a total of 29,249 such positions in the national economy. *Id.*[5] Plaintiff

11  contends that "the ALJ's conclusion that [he] could perform only 29,249 jobs nationally does not

12  meet the 'significant numbers' requirement." Dkt. 12 at 17. However, under Ninth Circuit

13  precedent, 29,249 jobs is a significant number of jobs in the national economy. *Gutierrez v.*

14  *Comm'r of Soc. Sec.*, 740 F.3d 519, 528–29 (9th Cir. 2014) (holding that 25,000 jobs is a

15  significant number available in the national economy). This argument therefore fails.

16  **C.  Remedy**

17        Plaintiff contends the Court should remand with directions to award benefits. Dkt. 12 at

18  16–17. "The decision whether to remand a case for additional evidence, or simply to award

19  benefits . . . is within the discretion of the court." *Trevizo v. Berryhill*, 871 F.3d 664, 682 (9th

20  Cir. 2017) (quoting *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir. 1987)). The Court

21  "generally remand[s] for an award of benefits only in 'rare circumstances.'" *Treichler v. Comm'r*

22

23

24  [5] The VE testified a different number of such positions were available, but Plaintiff concedes that the "discrepancy is not significant." Dkt. 12 at 17.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 10

1   *of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014) (quoting *Moisa v. Barnhart*, 367 F.3d

2   882, 886 (9th Cir. 2004)).

3        A remand for award of benefits is proper only if

4        (1) the record has been fully developed and further administrative proceedings would
serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for

5        rejecting evidence, whether claimant testimony or medical opinion; and (3) if the
improperly discredited evidence were credited as true, the ALJ would be required to find

6        the claimant disabled on remand.

7   *Trevizo*, 871 F.3d at 682–83 (quoting *Garrison*, 759 F.3d at 1020). Even if each element is

8   satisfied, the Court retains discretion to remand for further proceedings. *See Leon v. Berryhill*,

9   880 F.3d 1041, 1045 (9th Cir. 2017). The Court should "remand for further proceedings when . .

10   . an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled."

11   *Garrison*, 759 F.3d at 1021. "If additional proceedings can remedy defects in the original

12   administrative proceeding, a social security case should be remanded for further proceedings."

13   *Trevizo*, 871 F.3d at 682 (cleaned up).

14        Here, the Court has concluded that the ALJ erred in his assessment of Dr. Widlan's

15   opinion, satisfying the second element. However, the first and third elements are not satisfied

16   because an ALJ would not be required to find Plaintiff disabled if crediting Dr. Widlan's opinion

17   as true, given that there are contrary medical opinions in the record and the ALJ would not

18   necessarily be required to give Dr. Widlan's greater weight. *See* AR 26 (describing opinion of

19   Dr. Moore opining few mental limitations), 20 C.F.R. § 416.920c(a) (ALJs need not give any

20   particular evidentiary weight to medical opinions from treating or examining sources); *Woods v.*

21   *Kijakazi*, 32 F.4th 785, 791–92 (9th Cir. 2022) (acknowledging that new regulations were

22   partially directed to Ninth Circuit practice of combining treating and examining physician rule

23   with credit-as-true rule for awarding benefits).

24

1

**IV.     Conclusion**

2

      Based on the foregoing reasons, the Court hereby finds that the ALJ improperly

3

concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is

4

**REVERSED** and this matter is **REMANDED** for further administrative proceedings consistent

5

with this Order.

6

      Dated this 28th day of May, 2024.

7

8

                    David W. Christel

9

                    United States Magistrate Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12